
Ord\_\_\_rm (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 13 C 1309 | DATE | 3-4-13 |
| CASE TITLE | Samuel Ortega (#80529) vs. Kane County Adult Justice Center, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $11.76 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Kane County Adult Justice Center. The complaint is dismissed without prejudice to Plaintiff submitting an amended complaint within 30 days of the date of this order. Plaintiff's failure to comply timely with this order will result in summary dismissal of this case. The clerk is directed to send Plaintiff an amended complaint form. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [ For further details see text below.]     Docketing to mail notices.

# STATEMENT

Plaintiff, Samuel Ortega, currently confined at the Kane County Adult Justice Center, has filed this 42 U.S.C. § 1983 civil rights suit against the Center and against Officer Miller. Plaintiff asserts that, on December 5, 2012, he slipped and fell on a puddle of cleaning solution. Allegedly, Officer Miller, as opposed to spraying the table tops properly, "for whatever reason, removed the tops of the bottles and went table to table slinging the solution." (Compl. at 4.) According to Plaintiff, he slipped on a puddle and hurt his knee and back. He states that it took five days for him to see a doctor, but he is now receiving medication. Plaintiff names the Center as a Defendant, yet states no claims against the facility; furthermore, the Center itself is not a suable entity that can be named as Defendant. *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993).

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), he is assessed an initial partial filing fee of $11.76. The trust fund officer at Plaintiff's place of incarceration is directed to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. This payment obligation will follow Plaintiff in the event he is transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a threshold review of the complaint. The complaint, as currently drafted, cannot proceed. The actions Plaintiff describes with respect to Officer Miler, at most, state claims of negligence or gross negligence, but not deliberate indifference. Although jail officers have a duty to protect inmates from certain harms, they may be held liable if their actions amounted to deliberate indifference. *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007). To state a claim of deliberate indifference, a plaintiff must state facts that, if proven true, would establish both: (1) the inmate faced a serious risk of harm

and (2) the officer acted with deliberate indifference to that risk. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). The first prong is an objective one, and the risk of harm must have been objectively serious. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). The second prong is subjective, such that the officer must have both known the inmate faced a substantial risk of serious harm and disregarded that risk by refusing to take reasonable measures to abate it. *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Deliberate indifference is "the equivalent of criminal recklessness." *Guzman*, 495 F.3d at 857. A puddle of cleaning solution on the floor, even though slippery, is not a serious risk of injury for deliberate indifference purposes. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower not "an excessive risk to inmate health or safety"); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir.1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment."). Additionally, Officer Miller's actions, though possibly grossly negligent, cannot be compared to criminal recklessness to establish the subjective prong.

Accordingly, Plaintiff's claim that Officer Miller's act of "slinging" cleaning solution as opposed to properly spraying it on tables does not state a claim of deliberate indifference and is dismissed. Although Plaintiff's alleged injury to his knee and back do not appear sufficiently serious to support a deliberate indifference claim, if the injury was substantially serious and officers or officials deliberately disregarded his injury, Plaintiff may be able to state a claim with the delay in receiving medical attention. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Accordingly, the complaint is dismissed. If Plaintiff seeks to proceed with his claim that his requests for medical care for a substantially serious injury, he may file an amended complaint for this claim. Plaintiff is given 30 days to comply. His failure to submit an acceptable complaint by that time will result in summary dismissal of this case. Plaintiff is advised that an amended complaint must stand complete on its own and this Court will look only to the amended complaint, and not prior complaints or pleadings, to determine the claims and parties of this case. Additionally, Plaintiff must submit both a judge's copy and a service copy for each named Defendant.

2013 MAR -5 PM 5:08
CLERK
U.S. DISTRICT COURT