# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1309 | **DATE** | **APR 1 9 2013** |
| **CASE TITLE** | Samuel Ortega (#80529) vs. Kane County Adult Justice Center, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [#6] is dismissed. Plaintiff may seek to pursue his claims in the appropriate state court; however, the case before this court is closed. The dismissal of this case counts as one of Plaintiff's three allotted dismissals pursuant to 28 U.S.C. § 1915(g).

■[ For further details see text below.]                                              Docketing to mail notices.

## STATEMENT

Plaintiff, Samuel Ortega, currently confined at the Kane County Adult Justice Center, has filed an amended 42 U.S.C. § 1983 civil rights complaint, which the court directed him to do in its March 4, 2013, order. Restating his claims against Officer Miller, and including another Officer Wilson, Plaintiff again states that, on December 5, 2012, he slipped and fell on a puddle of cleaning solution. Allegedly, Officer Miller, as opposed to spraying tables with the solution, removed the tops of bottles and "went from table to table slinging bottles," causing puddles to form. (Amended Compl. at 4.) Though Officer Wilson allegedly told Miller that the floors were wet and had to be cleaned, Miller neglected to do so. Plaintiff states he slipped on a puddle of solution and injured his back and knee. Though he was seen by a nurse and given ibuprofen, he was not seen by a doctor until five days later, at which time he received pain medication and a sleeve for his knee.

The allegations of Plaintiff's amended complaint, like those stated in the original complaint, do not state claims upon which this court can grant relief. *See* 28 U.S.C. § 1915A (the court must conduct a threshold review of all prisoner complaints to determine if the claims therein are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary damages against a party immune from such relief). The actions Plaintiff describes with respect to both Miler and Wilson, at most, state claims of negligence or gross negligence, but not deliberate indifference.

Although jail officers have a duty to protect inmates from certain harms, they may be held liable only if their actions amounted to deliberate indifference. *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007). To state a claim of deliberate indifference, a plaintiff must state facts that, if proven true, would establish both: (1) the inmate faced a serious risk of harm and (2) the officer acted with deliberate indifference to that risk. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). The first prong is an objective one, and the risk of harm must have been objectively serious. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). The second prong is subjective, such that the officer must have both known the inmate faced a substantial risk of serious harm and disregarded that risk by refusing to take reasonable measures to abate it. *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Deliberate indifference is "the equivalent of criminal recklessness;" neither negligence nor gross negligence suffice. *Guzman*, 495 F.3d at 857.

## STATEMENT

  A puddle of cleaning solution on the floor, even though slippery, is not a serious risk of injury for deliberate indifference purposes. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower not "an excessive risk to inmate health or safety"); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir.1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment."). Additionally, Officer Miller's actions, though possibly grossly negligent, cannot be compared to criminal recklessness to establish the subjective prong. *Guzman*, 495 F.3d 857 -58 (to rise to the level of deliberate indifference, the actions of the officer must involve actual knowledge of a known substantial risk); *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009) (knowledge of a foreseeable risk is insufficient; the risk must be a known one), citing *Proffitt v. Ridgway*, 279 F.3d 503, 506 (7th Cir. 2002).

  As to possible claims of deliberate indifference with respect to his injuries, Plaintiff again notes that it took five days to see a doctor, but he indicates that such a delay (if his five-day wait could be characterized as a delay) was due to medical personnel not acting quickly enough. He does not suggest that either of the officers named as Defendants were responsible for the delay. Nor does he indicate that the delay amounted to deliberate indifference to his medical condition.

  Accordingly, because Plaintiff states no federal claim upon which this court can grant relief, the court dismisses the case. Plaintiff having submitted an amended complaint and it appearing that he has pled his best case, the case before this court is closed. Plaintiff may seek relief in the appropriate state court to the extent he is able to pursue claims of negligence; however, he cannot proceed in this court.

  Because this case is dismissed for failure to state a claim, the dismissal counts as one Plaintiff's three allotted dismissals pursuant to 28 U.S.C. § 1915(g). The Court advises Plaintiff that if a prisoner has three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, he may not file an action in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

  If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he seeks to proceed *in forma pauperis* on appeal, he should include with his IFP application the issues he plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, such will count as another dismissal under 28 U.S.C. § 1915(g).